**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CHROME HEARTS LLC,<br><br>      Plaintiff,<br><br>v.<br><br>A2WK5T2J6L5D3Z, et al.,<br><br>      Defendants. | Case No. 26-cv-07163<br><br>**Judge Mary M. Rowland**<br><br>**Magistrate Judge Beth W. Jantz** |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR
<u>ELECTRONIC SERVICE OF PROCESS PURSUANT TO FED. R. CIV. P. 4(f)(3)</u>**

Pursuant to Federal Rule of Civil Procedure 4(f)(3), Plaintiff Chrome Hearts LLC ("Plaintiff") requests this Court's authorization to serve process by electronically publishing a link to the Complaint, the Temporary Restraining Order, and other relevant documents on a website and by sending an e-mail with an attachment of the relevant documents and a link to said website to an e-mail address for each Defendant. Plaintiff submits that providing notice via electronic publication and e-mail, along with any notice that Defendants receive from payment processors, is reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

Electronic service is appropriate and necessary in this case because off-shore e-commerce store operators offering for sale products using infringing intellectual property typically: (1) provide false, misleading and/or incomplete names and physical address information to conceal their locations and avoid liability for their unlawful conduct; and (2) rely primarily on electronic communications to communicate with their third party service providers and customers, demonstrating the reliability of this method of communication by which Defendants may be apprised of the pendency of this action. *See* Declaration of Trevor C. Talhami (the "Talhami

Declaration") at ¶ 2. Authorizing service of process solely via e-mail and electronic publication will benefit all parties and the Court by ensuring that Defendants receive prompt notice of this action, thus allowing this action to move forward expeditiously. Absent the ability to serve Defendants in this manner, Plaintiff will almost certainly be left without the ability to pursue a final judgment.

## ARGUMENT

Plaintiff has good cause to suspect the Defendants are all residents of foreign jurisdictions, including, but not limited to, China, Hong Kong, and Vietnam[1]. *See* Talhami Declaration at ¶ 4. Certain countries that Defendants reside in are signatories to the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters (the "Hague Convention"). *Id.* Plaintiff's investigation has determined that certain Defendants' addresses are unknown, so the Hague Convention does not apply. The remaining Defendants have addresses in countries that have not objected to service via postal channels, which includes e-mail. Service by e-mail is permissible in those countries.

### I. Hague Convention Does Not Apply to Certain Defendants

According to Article 1 of the Hague Convention, the "convention shall not apply where the address of the person to be served with the document is not known." *Id.*; *see Kangol LLC v. Hangzhou Chuanyue Silk Imp. & Exp. Co.*, 2026 U.S. App. LEXIS 15376, at *10 (7th Cir. May 29, 2026) (finding that the Hague Convention does not apply if defendant's address is not known pursuant to Article 1 of the Hague Convention).

In most instances, Defendants must provide an e-mail address and physical address to third-party online marketplace platforms when registering their account. Talhami Declaration at ¶ 3.

---

[1] Defendant Nos. 7, 12, and 23 have addresses in Hong Kong. Defendant No. 14 has a Vietnamese address. All other Defendants have Chinese addresses.

Since an e-commerce store operator can input any physical address, such addresses may be incomplete, false and/or are not where the e-commerce store operator is located. *Id.* Here, the third-party online marketplace platforms generally provide a Seller Alias, a business name, and an address for each of the Defendants.

Plaintiff's investigators completed searches using the Defendants' provided Seller Alias, address, and business (if available) through a variety of search engines and platforms. *See* Declaration of Lijia Chen (the "Chen Declaration") at ¶¶ 2-8. Based on the investigations, there was no information indicating that the Defendants were available for service at their provided addresses. *Id*. at ¶ 10. As such, Defendants' addresses are not known so the Hague Convention does not apply. *Id.; see also Hallmark Licensing, LLC v. P'ships & Unincorporated Ass'sn Identified in Schedule "A",* Case No. 24-cv-112 (N.D. Ill. Mar. 31, 2025) (Docket Entry No. 70) (Bucklo, J.) (unpublished) ("Plaintiff offered evidence of its reasonably diligent efforts to ascertain defendant's address—including by using the very search engine ("Baidu") that defendants argue is used in China—and was unable to confirm it.").

## II. Other Countries Have Not Objected to Article 10(a)

Certain Defendants have addresses in Hong Kong and Vietnam. Hong Kong and Vietnam are parties to the Hague Convention but have not objected to Article 10(a) of the Hague Convention. *See Fox Shiver, LLC v. Individuals*, 2023 U.S. Dist. LEXIS 118387, at *5-6 (S.D.N.Y. Apr. 25, 2023) ("Hong Kong, Pakistan, Vietnam, and the United Kingdom, however, have not objected to Article 10 of the Hague Convention or to postal service."). Article 10(a) of the Hague Convention permits service by "postal channels, directly to persons abroad." *Kangol LLC v. Hangzhou Chuanyue Silk Imp. & Exp. Co*., 177 F.4th 793, 801 (7th Cir. 2026) (quoting Hague Convention, Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638); *see also Trade Well Int'l v.*

*United Cent. Bank*, 825 F.3d 854, 860 (7th Cir. 2016) ("s imple certified mail [is] a method permitted by Article 10(a) of the Hague Convention, so long as the foreign country does not object."). Courts have found that "postal channels" encompasses e-mail. *Poseidon Technology Limited v. Joygame Studio Limited*, No. 26-cv-06831 (N.D. Ill. July 1, 2026), ECF Nos. 23-24 (Hunt, J.); *Luxottica Grp. S.p.A. v. P'ships and Unincorporated Ass'ns Identified on Schedule "A,"* 391 F. Supp. 3d 816, 827 (N.D. Ill. 2019). Service by e-mail on the Defendants in the countries that do not object to Article 10(a) is, therefore, permissible. *See, e.g., Abercrombie & Fitch Trading Co. v. Quester (US) Enters.*, 2025 U.S. Dist. LEXIS 24810, at *7-8 (S.D.N.Y. Feb. 11, 2025) (collecting cases).

### III. E-mail Service is Constitutionally Acceptable

Federal Rule of Civil Procedure 4(f)(3) allows this Court to authorize service of process by any means not prohibited by international agreement as the Court directs. *Gianni Versace, S.P.A. v. P'Ships, et al.*, 2019 U.S. Dist. LEXIS 94989, at *3 (N.D. Ill. Feb. 27, 2019 (citing *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002)). The Ninth Circuit in *Rio Properties* held, "without hesitation," that e-mail service of an online business defendant "was constitutionally acceptable." *Id.* at 1017. The Court reached this conclusion, in part, because the defendant conducted its business over the Internet, used e-mail regularly in its business, and encouraged parties to contact it via e-mail. *Id.*

E-mail is a prompt and reliable method of communication to apprise Defendants of the pendency of this action. E-commerce store operators must provide a valid e-mail address to customers for completing payment and/or managing their e-commerce stores. E-mail address verification is typically a straightforward process where the third-party online marketplace platforms send an e-mail to the provided e-mail address and require the user to click a link in the

e-mail. Talhami Declaration at ¶ 3. However, any verification that may occur for physical addresses is likely not as reliable as e-mail address verification. *Id.* Moreover, it is necessary for merchants, such as Defendants, who operate entirely online, to visit their e-commerce store to ensure it is functioning and to communicate with customers electronically. E-commerce platforms are also required to obtain a working e-mail address from sellers under the INFORM Consumers ACT. *See* 15 U.S.C. § 45f. As such, it is far more likely that Defendants can be served electronically than through traditional service of process methods.

For the reasons set forth herein, Plaintiff respectfully requests this Court's permission to serve Defendants via e-mail and electronic publication. In accordance with this request, the proposed Order includes authorization to serve Defendants electronically and provides for issuance of a single original summons[2] that shall apply to all Defendants in accordance with Federal Rule of Civil Procedure 4(b).

Dated this 27th day of July 2026.

Respectfully submitted,

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Trevor C. Talhami
Madeline B. Halgren
Greer, Burns & Crain, Ltd.
200 West Madison Street, Suite 2100
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
ttalhami@gbc.law
mhalgren@gbc.law

*Counsel for Plaintiff Chrome Hearts LLC*

---

[2] The Advisory Committee Notes to the 1993 Amendment to Rule 4(b) states, "If there are multiple defendants, the plaintiff may secure issuance of a summons for each defendant, <u>or may serve copies of a single original bearing the names of multiple defendants</u> if the addressee of the summons is effectively identified." Fed. R. Civ. P. 4(b) advisory committee notes (1993) (emphasis added).